IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 1:00cr151-WHA-10 |
| | | (WO) |
| LORI LYNN MITCHELL | ) | |

**ORDER**

This case is before the court on a CJA-20 voucher, containing a claim for services and expenses, the attorney's certification being dated 6/30/01. This document was received by the court with a letter from Ms. Kelim dated March 10, 2008, which stated: "Attached please find a copy of my CJA-20 and all attachments as previously submitted in this case. I also attach another copy of my ex parte memorandum of justification."

An initial inspection in the clerk's office disclosed no record of any finalized CJA voucher having been filed by Ms. Kelim in this case before her letter of March 10, 2008. The case was closed on February 25, 2002. Accordingly, the court entered an order on June 2, 2008 (Doc. #459) pointing out that no claim for an attorney's fee had previously been filed, that the Guide to Judiciary Policies and Procedures, Vol. VII, Section A, Chapter 2, Part C, 2.21 requires that vouchers be submitted no later than 45 days after the final disposition of the case, unless good cause is shown, that this claim was filed nearly six years after the case was closed on February 25, 2002, and giving Ms. Kelim until June 12, 2008 to show cause by sworn affidavit why the court should not deny her claim as being untimely filed.

After being granted a brief extension of time, Ms. Kelim filed her response, with affidavit attached, on June 16, 2008. In her affidavit, Ms. Kelim states that her files indicate that she prepared and filed a fee petition, including a memorandum of justification, on July 3, 2001.

Attached to Ms. Kelim's affidavit is a copy of a letter to Ms. Kelim dated January 18, 2002, from this court's clerk's office concerning her voucher in this case and two other cases, concerning problems with CJA-20 vouchers. In this case, Ms. Kelim was asked to explain one time charge and was told that she needed a justification for expenses charged in excess of the maximum of $5,200. Ms. Kelim's affidavit states that she discussed this by telephone with the clerk's office and again submitted the same memorandum that she had actually submitted with the original form. Ms. Kelim states that she did not realize that her claim had not been paid until some time in 2004.

After receipt of Ms. Kelim's affidavit, the court determined from the clerk's office that it had been the policy of that office to return an incomplete CJA-20 voucher to an attorney with advice as to what was needed in addition to make the attorney fee claim complete, so that it could then be filed. There was no procedure which allowed an incomplete CJA-20 to be filed and docketed. The absence of any docketing of a claim by Ms. Kelim in this case, as well as there being no such form in the records of the clerk, suggests that Ms. Kelim did not follow through after the letter of January 18, 2002, and that no complete CJA-20 voucher was filed by her until her letter of March 10, 2008.

Due to the age of this case, the file had been sent to the Records Center in Atlanta, and the court had the file retrieved from there for inspection. The file contains filed and approved

CJA-20 vouchers from ten other attorneys in this multi-defendant case, but none from Ms. Kelim.

The problems and circumstances in this case point up the difficulty that can be involved in attempting to process such an old claim. The court is satisfied, however, that no properly-completed claim for attorney's fees was actually filed by Ms. Kelim until her letter of March 10, 2008.

It is essential to the efficient operation of the system which allows payment of federal funds to private attorneys appointed to represent indigent defendants that attorneys who seek and accept such appointments, with the expectation of payment, submit their vouchers claiming such payment in a timely manner. Budgeting and the availability of funds to cover fees for appointed lawyers would be completely unworkable if lawyers were allowed to claim and receive payments years after cases are closed. It is for that reason that a deadline of 45 days after the final disposition of a case is set for the submission of such vouchers, in the absence of good cause being shown for doing otherwise. Lawyers who seek and accept such appointments, as Ms. Kelim did, are, therefore, expected to help with the efficient operation of the system, rather than to hinder it. Good cause for late filings must contemplate unusual circumstances, and not lack of diligence on the part of the attorney, for short delays and truly extreme circumstances to justify a delay as lengthy as that in this case.

After a careful examination of the entire file in this case, and of Ms. Kelim's affidavit, the court finds no good cause to justify the lengthy delay in the filing of this claim for an attorney's fee and, therefore, it is hereby

ORDERED that the claim for attorney's fees contained in the CJA-20 voucher filed by Kyla Groff Kelim on March 10, 2008, is DENIED.

DONE this 3rd day of July, 2008.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE